IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-139-BO

| ALBERT JOYNER. JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| CAROLYN COLVIN, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 25, 28]. A hearing was held in Elizabeth City, North Carolina on September 8, 2015. For the reasons detailed below, the decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff protectively filed an application for supplemental security income on October 22, 2010, alleging an onset date of January 1, 2007. [Tr. 49]. The application was denied initially and upon reconsideration. *Id.* A video hearing was held before an Administrative Law Judge (ALJ) on November 9, 2012. *Id.* The ALJ issued an unfavorable decision. *Id.* The Appeals Council denied Mr. Joyner's request for review, and the ALJ's decision became the final decision of the Commissioner on June 13, 2014. [Tr. 1]. Mr. Joyner then timely sought review in this Court.

Plaintiff was 38 years old at the time his application was filed; he is 43 now. [Tr. 58]. Plaintiff has limited education and previous work as a forklift operator. *Id.* Plaintiff has chronic pancreatitis, diabetes with secondary neuropathy, depression, and alcohol dependence. [Tr. 51].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since October 22, 2010. [Tr. 51]. Next, the ALJ determined that plaintiff's chronic pancreatitis, diabetes with secondary neuropathy, depression, and alcohol dependence were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or

equaled a listing. *Id.* At step four, the ALJ found that plaintiff was capable of performing less than the full range of light work. Plaintiff was limited to unskilled, routine, simple, repetitive tasks with limited contact with co-workers or the general public. The ALJ determined plaintiff unable to perform high-stress work. [Tr. 52]. Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 58]. A vocational expert testified that these jobs would include employment as a motel cleaner, laundry folder, and garment press operator. [Tr. 59]. Accordingly, the ALJ found that plaintiff was not disabled since October 22, 2010. *Id.* Plaintiff now seeks review of the ALJ's determination that he is not disabled.

First, plaintiff argues that the ALJ erred in finding plaintiff could perform light work. Light work consists of "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . . [R]equir[ing] a good deal of walking or standing." 20 CFR 416.967(b). There is substantial evidence to support the ALJ's finding of light work. The ALJ afforded great weight to Dr. Pamela Jessup, who was able to review plaintiff's extensive medical records before reaching her conclusions. [Tr. 57]. Dr. Jessup noted improvements in chronic pancreatitis pain following a procedure several years prior and when plaintiff abstained from alcohol. [Tr. 57, 158]. Dr. Jessup determined that plaintiff met the requirements of light work: he could lift 20 pounds occasionally, lift 10 pounds frequently, and stand, walk, or sit for about six hours of an eight hour workday. [Tr. 57, 157]. Dr. Jessup found no postural, manipulative, visual, communicative, or environmental limitations. [Tr. 158]. Dr. Jessup also stated that there were no medical or other source opinions about plaintiff's limitations that were more restrictive than her findings. [Tr. 158]. Even still, the ALJ determined that plaintiff was

capable of "less than the full range of light work"—limiting him to unskilled, routine, simple, competitive tasks and limited contact with the public and co-workers. [Tr. 52]. In this way, the ALJ was actually more generous to plaintiff than required by the substantial evidence.

Next, plaintiff contends that the ALJ erred in the credibility determination. When determining credibility, "[a[lthough a claimant's allegations about [his] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence." *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996).

When making his credibility determination, the ALJ found that plaintiff's impairments could reasonably be expected to cause his alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. [Tr. 57]. There is substantial evidence to support the ALJ's finding. Plaintiff attended a comprehensive clinical psychological evaluation with Ted Jamison, M.A., and Dr. E.J. Burgess. [Tr. 965]. At the examination, plaintiff told the examiners he had not been taking any medication for the last few months. *Id.* Plaintiff was cooperative and engaged. [Tr. 966]. Following the evaluation, the examiners concluded plaintiff "did not present any mental health reason he could not be gainfully employed," even noting "concern that he was in fact trying to exaggerate his conditions." [Tr. 968]. These findings were given great weight by the ALJ based on the opportunity to examine plaintiff and determine "that he had never been psychiatrically hospitalized, did not display any depressive symptomology, and that mental health reasons were not keeping claimant from being gainfully employed." [Tr. 56]. These observations were noted by the ALJ before making the credibility determination. An ALJ's credibility determination is to

be given great weight. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Given the available evidence, the Court finds no basis upon which to disturb the ALJ's credibility finding.

Because substantial evidence supports the decision of the Commissioner, the Court affirms the Commissioner's decision.

## CONCLUSION

For the aforementioned reasons, plaintiff's motion for judgment on the pleadings [DE 25] is DENIED, and defendant's motion for judgment on the pleadings [DE 28] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this __23__ day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE